# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO LEODAN CARRILLO,<br><br>                  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | CIVIL ACTION NO. 3:15-CV-00560<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On March 20, 2015, the Court received and filed a motion for immediate deportation construed as a habeas petition pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner on March 16, 2015. (Doc. 1). The Petitioner, a federal prisoner incarcerated at the Moshannon Valley Federal Correctional Center in Philipsburg, Pennsylvania, seeks immediate deportation pursuant to 8 U.S.C. § 1252(h)(2)(a).

Petitioner challenges the duration of confinement. Jurisdiction over Petitioner's habeas petition is proper in the district court for the federal judicial district where the prisoner is in custody. 28 U.S.C. § 2241(d). In this case, the Petitioner is currently incarcerated at the Moshannon Valley Federal Correctional Center, which is located in Philipsburg, Clearfield County, Pennsylvania. Clearfield County is situated within the jurisdiction of the Western District of Pennsylvania. *See Tsoukalas v. U.S.*, 215 Fed. App'x 152 (3d Cir. 2007) (per curiam); *Bennett v. Reilly*, Civil Action No. 09-cv-01663, 2011 WL 6739460, at *3-*4 (E.D. Pa. Dec. 21,

2011).¹ As such, it is clear that the United States District Court for the Middle District of Pennsylvania does not have jurisdiction over his petition. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 USC § 118(c) (WDPA counties).

Considering that the United States District Court for the Western District of Pennsylvania is the district with proper jurisdiction, and considering that it would be in the interest of justice to transfer this petition to the Western District of Pennsylvania, it is recommended that this case be transferred to the United States District Court for the Western District of Pennsylvania for further proceedings. *See* 28 U.S.C. § 1406(a) (authorizing transfer to proper venue); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–66 (1962) (allowing venue transfers under § 1406(a) in the absence of jurisdiction).

**Dated: March 23, 2015**                               *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**

---

¹ Although the mailing address of the Moshannon Valley Federal Correctional Center is in Centre County, which is subject to jurisdiction in the Middle District of Pennsylvania, the brick-and-mortar institution is in Clearfield County, which jurisdictionally located within the Western District of Pennsylvania.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO LEODAN CARRILLO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION NO. 3:15-CV-00560 <br><br> (CAPUTO, J.) <br> (MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 23, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 23, 2015**　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**